**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Justin Ray Medford, Appellant.

Appellate Case No. 2024-000525

———————

Appeal From York County
William A. McKinnon, Circuit Court Judge

———————

Unpublished Opinion No. 2025-UP-359
Submitted October 1, 2025 – Filed October 29, 2025

———————

**AFFIRMED**

———————

Deputy Chief Appellate Defender Wanda H. Carter, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Andrew Douglas Powell, both of Columbia, for Respondent.

———————

**PER CURIAM:** Justin Ray Medford appeals his concurrent sentences of fifteen years' imprisonment for trafficking fentanyl, ten years' imprisonment for possession with the intent to distribute (PWID) fentanyl within the proximity of a park or school, ten years' imprisonment for resisting arrest, and three years'

imprisonment for failing to stop for a blue light.  On appeal, Medford argues the plea court erred in denying his request to receive credit for time served.  We affirm pursuant to Rule 220(b), SCACR.

We hold this issue is not preserved for appellate review because although Medford initially requested credit for time served, when the plea court subsequently indicated the governing statute was nondiscretionary and asked if Medford wanted argument on the issue, he declined and only requested that the court follow the plea negotiations.  *See State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial [court]."); *Solley v. Navy Fed. Credit Union, Inc.*, 397 S.C. 192, 214, 723 S.E.2d 597, 608 (Ct. App. 2012) ("When an appellant acquiesces to the trial court's ruling, that issue cannot be raised on appeal."); S.C. Code Ann. § 24-13-40 (2025) ("[C]redit for time served prior to trial and sentencing shall not be given . . . when the prisoner commits a subsequent crime while out on bond . . . .").

**AFFIRMED.**[1]

**MCDONALD, HEWITT, and TURNER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.